No. 3--02--0743

_________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

 ) 

AUSTIN L. HOUGH, ) Appeal from the Circuit Court

) for the 12th Judicial Circuit,

Petitioner-Appellant, ) Will County, Illinois

)

v. ) 

) No. 02--MR--525

WILL COUNTY BOARD OF ) 

ELECTIONS, WILL COUNTY ) 

OFFICERS ELECTORAL BOARD, and ) Honorable Herman S. Haase,

JAN GOULD, PAMELA J. McGUIRE, ) Judge, Presiding 

and JEFF TOMCZAK and RICHARD ) 

L. BUDDE and PAUL F. BUSS, )

the Objectors herein, ) 

)

Respondents-Appellees. )

_________________________________________________________________

PRESIDING JUSTICE McDADE delivered the opinion of the court:

_________________________________________________________________

This appeal challenges a ruling of the Will County election board that denied the petitioner, Austin Hough, a place on the ballot in the November 2002 election. For the reasons that follow, we find we lack subject matter jurisdiction and dismiss the appeal.  

BACKGROUND

Hough attempted to run for the state senate as a libertarian and submitted a petition to be placed on the ballot for the election and to establish the Libertarian Party as a political party for the 43rd senate district (43rd district)
. The petition submitted by the plaintiff, which contained approximately 5000 signatures, also purported to nominate Eric Ferguson for a place on the ballot for the 85th representative district (85th district) for Illinois, and to establish the Libertarian Party as a political party in the 85th district.

Respondents Richard Budde and Paul Buss objected to the petition, claiming violations of the Illinois Election Code (10 ILCS 5/1--1 et seq. (West 2000). The objectors asserted that (1) the nomination petition purported to create a new political party in the 43rd district, but also nominated a candidate for the 85th district; (2) if the petition purported to create a new party in the 85th district, it was invalid because the 85th district is a different district from the 43rd district; and (3) if the petition purported to create a new political party in the 43rd district, it was invalid for not containing a complete list of candidates from the new political party for all offices to be filled within the district.

On August 23, 2002, the Will County Board of Elections heard oral arguments and voted to sustain the objections. The board reasoned that the petition was invalid because it bundled names for candidates from separate districts, the 43rd and 85th, on the same petition, in violation of the Election Code.

On August 30, Hough filed a motion for expedited judicial review with the circuit court. He served the attorney who represented the objectors before the board of elections to bring them before the court.  On the 23rd of September, the court affirmed the election board's decision. The petitioner now appeals. 

ANALYSIS

The parties do not dispute the relevant facts. Since there are no factual issues and the case involves issues of law, we will conduct a 
de novo
 review. 
Woods v. Cole
, 181 Ill. 2d 512, 516, 639 N.E.2d 333, 335 (1998); 
Bill v. Education Officers Electoral Board of Community Consolidated School District No. 181
, 299 Ill. App. 3d 548, 551, 701 N.E.2d 262, 264 (1998)
.

The respondent’s argue, as a preliminary matter, that this court does not have subject matter jurisdiction over the case, and urge us to dismiss. For the following reasons, we agree that we do not have jurisdiction and dismiss the appeal.

Illinois courts do not have inherent authority to hear election cases, but may only exercise jurisdiction over such cases when provided for by statute. 
Allord v. Municipal Officers Electoral Board
, 288 Ill. App. 3d 897, 900, 682 N.E.2d 125, 128 (1997). The jurisdictional prerequisites for election cases are set forth in section 10--10.1 of the Election Code, which requires that: (1) a challenging petition be filed with the clerk of the court within 10 days after the electoral board issues its decision; (2) the petition state briefly the reasons why the board's decision should be reversed; (3) the petitioner serve copies of the petition on the electoral board and other parties to the proceeding by registered or certified mail; and (4) the petitioner file proof of service with the clerk of the court. 10 ILCS 5/10--10.1 (West 2003). In this case, the defendants allege that the plaintiff failed to meet the last two requirements, by failing to serve the contestants with copies of the challenging petition and by failing to file proof of service with the court clerk. 

The "[f]ailure of a party to comply with any of the requirements when appealing an electoral board decision invites dismissal via section 2--619 (735 ILCS 2--619 (West 1996), for lack of subject matter jurisdiction." 
Bill v. Education Officers Electoral Board of Community Consolidated District No. 181
, 299 Ill. App. 3d 548, 551-52, 701 N.E.2d 262, 264 (1998). Petitioner Hough has not complied with the third and fourth jurisdictional prerequisites. He failed to provide the contestants with copies of his petition in the circuit court challenging the ruling of the election board. Although he was required to serve all of the contestants personally, he instead served copies of his petition on the attorney who represented the objectors at the election board hearing. Since the service was not on the objectors themselves, it does not comply with the statutory requirement. The petitioner's failure to provide the clerk of the court with proof of service also did not meet Code requirements. These omissions resulted in a failure of jurisdiction in the circuit court and, consequently, in this court.  We must dismiss the appeal. 

Dismissed.

LYTTON and HOLDRIDGE, JJ., concur.