# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Schrager v. Bailey*, 2012 IL App (1st) 111943

---

| | |
|---|---|
| Appellate Court Caption | BARRY SCHRAGER, Plaintiff-Appellant, v. JAMES M. BAILEY, DAVID P. SCHIPPERS and SCHIPPERS AND ASSOCIATES, Formerly Known as Schippers and Bailey, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-11-1943 |
| Filed | June 11, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff's action alleging that defendant attorneys and another attorney committed legal malpractice by taking a voluntary dismissal of the federal suit they filed on behalf of plaintiff was dismissed pursuant to a settlement agreement that included an integration/nonreliance clause in which plaintiff stated he relied solely on the information in the agreement, the nonreliance clause barred his subsequent complaint alleging that defendants committed fraud by misrepresenting the basis for their decision to voluntarily dismiss the federal suit, and the provision of the settlement agreement requiring defendants to pay plaintiff $985,000 negated the argument that defendants would profit from their own wrongdoing if the nonreliance clause was applied. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-014582; the Hon. Sanjay Tailor, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | David A. Novoselsky, of Novoselsky Law Offices, of Chicago, for appellant. |
| | |
| | Kimberly E. Rients Blair and Alison Kowal, both of Wilson Elser Moskowitz Edelman & Dicker LLP, of Chicago, for appellee James M. Bailey. |
| | |
| | Peter D. Sullivan, Barry F. Mac Entee, Timothy G. Shelton, and Daniel L. Morris, all of Hinshaw & Culbertson LLP, of Chicago, for appellees David P. Schippers and Schippers & Associates. |
| | |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Hoffman and Justice Karnezis concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff Barry Schrager appeals from an order of the circuit court of Cook County dismissing with prejudice his second amended complaint against defendants James M. Bailey, David P. Schippers, and the law firm of Schippers and Associates (collectively the defendants). On appeal, plaintiff Schrager contends that the integration/nonreliance clause contained in the prior settlement agreement (the Agreement) between the plaintiff and the defendants did not bar his fraud complaint.

¶ 2    We conclude that the dismissal of the second amended complaint with prejudice was proper and affirm the order of the circuit court. The following facts are taken from the second amended complaint and the pertinent documents in the record on appeal.

¶ 3                    PROCEDURAL BACKGROUND

¶ 4              I. Underlying Malpractice Suit and Settlement Agreement

¶ 5    In 2002, plaintiff Schrager filed a legal malpractice suit against the defendants and attorney James T. Hynes.[1] The suit alleged that the defendants committed legal malpractice when they took a voluntary dismissal of a federal suit they had filed on plaintiff Schrager's behalf. The suit was refiled in the circuit court of Cook County only to be dismissed with prejudice based on the single-refiling rule.

_____

[1]Attorney Brian Bailey was also named as a defendant but was dismissed from the suit.

¶ 6        In June 2006, plaintiff Schrager agreed to dismiss the malpractice suit and settle his claim against the defendants based on their representation that they had relied on advice from attorney Hynes in deciding to dismiss the federal suit. As part of the settlement negotiations, plaintiff Schrager requested affidavits from the defendants to support their representation. The Agreement provided in pertinent part as follows:

> "13. NO CONDITIONS PRECEDENT: Each of the parties to this Agreement acknowledges that no conditions precedent and no promise, inducement, or agreement not stated herein has been made to them in connection with this Agreement except that it is expressly agreed and understood that this Agreement is contingent upon the entry of an order granting Defendants' motion for Good Faith Finding in the Lawsuit.

> 14. INTEGRATION AND NO RELIANCE CLAUSE // AMENDMENT: This Agreement and the exhibits attached hereto constitute the entire understanding and agreement of the parties hereto and supercede any and all other written or oral agreements, representations or understandings. No representations, inducements, promises or agreements, oral or written have been made by SCHRAGER or Releasees or anyone acting on behalf of Releasees which are not contained herein, and any prior letters of intent, agreement, promises, negotiations, statements or representations not expressly set forth in this Agreement have not been relied upon in any respect and shall be of no force or effect. SCHRAGER agrees and warrants that in entering into this Agreement, SCHRAGER is solely relying upon the information contained in this Agreement and not in reliance upon any other information. No modification, amendment or alteration to this Agreement shall be effective unless in a writing signed by the Parties hereto."

The Agreement also contained an acknowledgment by the parties that they received independent legal advice as to the "effect and import" of its provisions. By June 30, 2006, the Agreement had been signed by all parties.

¶ 7        On July 6, 2006, the circuit court found the Agreement had been made in good faith and dismissed plaintiff Schrager's claims against the defendants. Also on July 6, 2006, attorney Bailey executed an affidavit, which stated in pertinent part as follows:

> "I received a memorandum from James T. Hynes *** wherein Mr. Hynes set forth recommendations to be made to Mr. Schrager with respect to the various lawsuits then pending against [various defendants]. Schippers & Bailey used the memorandum from Mr. Hynes to me and relied in part on the recommendations of Mr. Hynes set forth therein in preparing the February 5, 1997 letter [signed by attorney Schippers] to Mr. Schrager."

¶ 8        On October 6, 2009, attorney Schippers provided an affidavit to attorney Hynes, in which he averred that attorney Bailey and he made all the litigation decisions relating to the federal suit, that in a February 5, 1997, letter to Mr. Schrager, attorney Schippers advised dismissing the federal suit and refiling the case in Cook County. He further averred that his recommendations were not based on any recommendation or advice from attorney Hynes,

and he did not recall receiving a memorandum from attorney Hynes setting forth recommendations with respect to the federal suit. He further averred that attorney Hynes was not present at the meeting with Mr. Schrager, at which time it was agreed that the federal suit should be voluntarily dismissed and the state law claims pursued in state court.

¶ 9        Plaintiff Schrager's malpractice suit continued against attorney Hynes. Due to his failure to comply with discovery, plaintiff Schrager was precluded from presenting expert witness testimony. On February 2, 2010, Circuit Court Judge Daniel J. Pierce granted summary judgment to attorney Hynes due to the preclusion of the expert testimony necessary to prove plaintiff Schrager's legal malpractice claim. Plaintiff Schrager's motion for reconsideration was denied. This court affirmed the grant of summary judgment to attorney Hynes. See *Schrager v. Schippers*, Nos. 1-10-0751, 1-10-1644 cons. (2011) (unpublished order under Supreme Court Rule 23).

¶ 10                                    II. Fraud Complaint

¶ 11        On January 4, 2011, plaintiff Schrager filed his second amended complaint. Count I alleged that the defendants had committed fraud by misrepresenting the basis for the decision to dismiss the federal suit. Count II alleged that they aided and abetted attorney Hynes in an act of fraud by submitting the Schippers' affidavit in support of attorney Hynes' defense in the malpractice case. Plaintiff Schrager asserted that the Schippers affidavit could not be reconciled with the Bailey affidavit and that it was a repudiation of the position taken by the defendants in the Bailey affidavit.

¶ 12        The defendants filed combined motions under sections 2-615 and 2-619 to dismiss the second amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2010)) (the Code).[2] Following a hearing, the circuit court dismissed the second amended complaint with prejudice. The court found that the integration/nonreliance clause of the Agreement precluded plaintiff Schrager's claims against the defendants. This appeal followed.

¶ 13                                        ANALYSIS

¶ 14        Plaintiff Schrager contends that the circuit court erred when it dismissed the second amended complaint based on the integration/nonreliance clause of the Agreement.

¶ 15                                    I. Standard of Review

¶ 16        Our review of a dismissal under section 2-619 of the Code is *de novo*. *Westmeyer v. Flynn*, 382 Ill. App. 3d 952, 954-55 (2008). Similar to our review of the grant of summary

---

[2]The defendants were represented by separate counsel in the circuit court and in this appeal.

judgment, we consider whether there was a genuine issue of material fact that precluded dismissal or, absent a genuine fact question, whether dismissal was proper as a matter of law. *Westmeyer*, 382 Ill. App. 3d at 955.

¶ 17                                    II. Discussion

¶ 18     A dismissal pursuant to section 2-619 is proper where the plaintiff's claim against the defendant is barred by affirmative matter avoiding the legal effect of or defeating the claim. *In re Estate of Gallagher*, 383 Ill. App. 3d 901, 903 (2008); 735 ILCS 5/2-619(a)(9) (West 2010). Affirmative matter is something in the nature of a defense, negating the cause of action. *Gallagher*, 383 Ill. App. 3d at 903.

¶ 19     The elements of the common-law tort of fraudulent misrepresentation are "(1) a false statement of material fact, (2) known or believed to be false by the person making it, (3) an intent to induce the plaintiff to act, (4) action by the plaintiff in justifiable reliance on the truth of the statement, and (5) damages caused by such reliance." *Greer v. Advanced Equities, Inc.*, 2012 IL App (1st) 112458, ¶ 5. In order to prevail on his cause of action for fraud, plaintiff Schrager must prove that his reliance on the defendants' representations was justifiable.

¶ 20     In analyzing justifiable reliance, our courts have considered the presence of a nonreliance clause in the contract between the parties. *Benson v. Stafford*, 407 Ill. App. 3d 902, 922 (2010); see *Tirapelli v. Advanced Equities, Inc.*, 351 Ill. App. 3d 450, 457 (2004); *Adler v. William Blair & Co.*, 271 Ill. App. 3d 117, 126 (1995); *Rissman v. Rissman*, 213 F.3d 381, 383-85 (7th Cir. 2000). In *Benson*, this court noted that *Tirapelli* established the rule that a nonreliance clause barred a cause of action for fraud because " '[h]aving agreed in writing that they did not rely on any representations found outside the subscription documents, plaintiffs cannot be allowed to argue fraud based on such representations.' " *Benson*, 407 Ill. App. 3d at 923 (quoting *Tirapelli*, 351 Ill. App. 3d at 457).

¶ 21     In *Greer*, this court addressed the following certified question: " 'Where a purchaser of securities contractually agrees through a non-reliance clause that it is not relying on any oral representation made in connection with its purchase of the securities, is the purchaser barred as a matter of law from thereafter pleading in an action alleging common law fraud that it relied on oral statements when purchasing the securities?' " *Greer*, 2012 IL App (1st) 112458, ¶ 1. In the purchase agreement, the plaintiffs acknowledged that in making the decision to purchase the securities, they " 'relied solely upon the [private placement memorandum], documents and materials submitted therewith, and independent investigations made by the undersigned *** and acknowledges that no representations or agreements (oral or written), other then those set forth in the [private placement memorandum], have been made to the undersigned with respect thereto.' " *Greer*, 2012 IL App (1st) 112458, ¶ 2. Subsequent to signing the purchase agreement, the plaintiffs discovered that certain material statements that the defendants made both orally and in writing about the securities were untrue. In their complaint, the plaintiffs alleged common-

-5-

law fraud based on the alleged oral misrepresentations. The defendants moved to dismiss pursuant to section 2-619 of the Code. *Greer*, 2012 IL App (1st) 112458, ¶ 3.

¶ 22 Answering the certified question in the affirmative we stated as follows:

> "Based on *Benson*, *Tirapelli*, and *Adler*, the law on this point seems quite clear: if a purchaser signs an agreement containing a nonreliance clause that disclaims reliance on any oral representations by the seller, then the purchaser cannot hereafter maintain a cause of action for common-law fraudulent oral misrepresentation. This is a logical rule, given that it is hardly justifiable for someone to rely on something that they have agreed not to rely on, and without justifiable reliance there can be no fraud." *Greer*, 2012 IL App (1st) 112458, ¶ 9.

We cautioned that our answer was limited to the situation presented by the certified question. *Greer*, 2012 IL App (1st) 112458, ¶ 16.

¶ 23 Plaintiff Schrager argues that the decision in *Benson*, which was relied upon in *Greer*, illustrates that nonreliance clauses will be upheld only under limited circumstances. Unlike the present case, *Greer* and the cases relied upon to answer the certified question in that case all dealt with securities.

¶ 24 In *Bauer v. Giannis*, 359 Ill. App. 3d 897 (2005), the Second District Appellate Court held that an "as is" clause in a real estate contract did not bar a complaint for fraud and fraudulent concealment. The court found that the reasoning of *Tirapelli* and *Adler* did not apply because in those cases, oral representations relied on were not part of the parties' agreement. The court further found that those decisions "were based in part on the policies governing securities transactions." *Bauer*, 359 Ill. App. 3d at 905. Quoting from *Tirapelli*, the court stated as follows:

> " '[t]here are sound policy reasons for precluding fraud claims based on oral statements outside the written agreement where the agreement includes a nonreliance clause. *** [P]lacing primacy on the written word is a primary function of securities law and reduces the possibility of faulty memories and fabrication.' " *Bauer*, 359 Ill. App. 3d at 905 (quoting *Tirapelli*, 351 Ill. App. 3d at 457).

¶ 25 *Bauer* is distinguishable because, like *Tirapelli* and *Adler*, the defendants' oral representation that they relied on advice from attorney Hynes was not contained in the Agreement. In *Greer*, we cited with approval *Extra Equipamentos E Exportação Ltda. v. Case Corp.*, 541 F.3d 719, 726 (7th Cir. 2008). In that case, the court of appeals held that a nonreliance clause was valid and applicable in a fraud suit stemming from the settlement of a prior suit involving overcharges. Our observation in *Greer* that "it is hardly justifiable for someone to rely on something that they have agreed not to rely on" is not dependent on a securities purchase for its logic. Reducing the possibility of faulty memories and fabrication are important considerations in the drafting of any contract and is not limited to contracts involving securities transactions.

¶ 26 For the reasons stated above, we believe that the analysis of nonreliance clauses in cases

from *Adler* through *Greer* is equally applicable to a nonsecurities case. We now apply that analysis to determine whether plaintiff Schrager established that he was justified in relying on the defendants' representation that they were relying on advice from attorney Hynes when they dismissed the federal suit.

¶ 27 In executing the Agreement, plaintiff Schrager agreed that he was relying solely on the information contained in the Agreement and not on any prior representations, promises or statements. In the second amended complaint, plaintiff Schrager specifically alleged that he "refused to engage in further settlement negotiations or accept Defendants['] representations until all three Defendants *** bound themselves under oath to their representation that [attorney Hynes] had advised in favor or [*sic*] dismissing the Federal Litigation." Clearly, plaintiff Schrager was relying on the representations made prior to his execution of the Agreement. The Agreement makes no reference to the defendants' representation regarding advice from attorney Hynes or to an agreement by the defendants to provide the confirming affidavits. Since the nonreliance clause barred reliance on prior oral or written representations, plaintiff Schrager cannot establish that his reliance on the defendants' representations was justified.

¶ 28 Plaintiff Schrager argues that, since the nonreliance clause referred only to "prior" representations, it does not apply to the Bailey affidavit, which was executed after the Agreement. According to the allegations of the second amended complaint, the purpose of the affidavit was to confirm the prior representations that the defendants had relied on advice from attorney Hynes in dismissing the federal suit. Nothing in the Bailey affidavit contradicted the defendants' prior representations. Plaintiff Schrager cannot base his reliance on the Bailey affidavit because he agreed he was not relying on any prior representation oral or written.

¶ 29 Plaintiff Schrager's reliance on *Ainsworth Corp. v. Cenco, Inc.*, 107 Ill. App. 3d 435 (1982), is misplaced. *Ainsworth Corp.* addressed whether a fraud claim stemming from the original contract between the parties was waived as a matter of law when the parties entered into a new agreement, and whether a general release in the second agreement was a general release of all claims or only the original claims of which the plaintiff was aware. There was no issue relating to a nonreliance clause. *Ainsworth Corp.* provides no support for plaintiff Schrager's argument.

¶ 30 Plaintiff Schrager's remaining arguments lack merit. He maintains that Illinois does not recognize contract clauses that exclude or tend to exclude the obligation of fair dealing and good faith, which are a part of every contract. Plaintiff Schrager failed to cite any case law in which a court refused to enforce an otherwise valid nonreliance clause on the basis that it violated or allowed a party to violate the obligation of fair dealing and good faith. Therefore, the argument is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008).

¶ 31 Next, plaintiff Schrager argues that "integration" clauses do not bar fraud claims, citing *Vigortone AG Products, Inc. v. PM AG Products, Inc.*, 316 F.3d 641 (7th Cir. 2002). While stating the majority rule that integration clauses do not bar fraud claims, the court of appeals recognized the difference between an integration clause and a nonreliance clause,

stating,"[s]ince reliance is an element of fraud, the [nonreliance] clause, if upheld–and why should it not be upheld, at least when the contract is between sophisticated commercial enterprises–precludes a fraud suit. " *Vigortone AG Products, Inc.*, 316 F.3d at 645. The present case turns on the presence of the nonreliance provision, not the integration provision. See *Tirapelli*, 351 Ill. App. 3d at 458 (integration clause argument was irrelevant where the contract also contained a nonreliance clause). In addition, plaintiff Schrager had the independent advice of counsel and did not argue that he did not understand the nonreliance clause.

¶ 32     Plaintiff Schrager's reliance on *PharMerica Chicago, Inc. v. Meisels*, 772 F. Supp. 2d 938 (N.D. Ill. 2011), is also misplaced. In that case, neither the integration clause nor the nonreliance clause controlled since, unlike the present case, the alleged oral misrepresentation was set forth in the settlement agreement. See *PharMerica Chicago, Inc.*, 772 F. Supp. 2d at 953.

¶ 33     Plaintiff Schrager argues that affirming the circuit court's decision on the basis of the integration/nonreliance clause will allow the defendants to profit by their own wrongdoing, which is contrary to a core principle of our system of justice. See *TLC The Laser Center, Inc. v. Midwest Eye Institute II, Ltd.*, 306 Ill. App. 3d 411 (1999). Since the Agreement required the defendants to pay $985,000 to plaintiff Schrager in settlement of the malpractice suit, his argument is not supported by the record.

¶ 34     We conclude that the integration/nonreliance clause in the Agreement precluded plaintiff Schrager from proving justifiable reliance, which was fatal to his cause of action for fraud. We note that whether the aiding and abetting cause of action was likewise barred by the integration/nonreliance clause was not addressed by plaintiff Schrager. With the exception of subject matter jurisdiction, a reviewing court should not normally search the record for unargued and unbriefed reasons to reverse the judgment of the trial court. *People v. Givens*, 237 Ill. 2d 311, 323 (2010).

¶ 35     The second amended complaint was properly dismissed with prejudice based on section 2-619(a)(9) of the Code. Deciding this case as we do, we need not address the defendants' argument that the second amended complaint failed to state a cause of action.

¶ 36                         CONCLUSION

¶ 37     The judgment of the circuit court is affirmed.

¶ 38     Affirmed.