# Illinois Official Reports

## Appellate Court

---

**Quinn v. Board of Election Commissioners for the City of Chicago Electoral Board, 2018 IL App (1st) 182087**

---

| | |
|---|---|
| Appellate Court Caption | PAT QUINN and TAKE CHARGE CHICAGO COMMITTEE FOR MAYORAL TERM LIMITS AND ELECTED CONSUMER ADVOCATE, Petitioners-Appellants, v. THE BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF CHICAGO ELECTORAL BOARD, and Its Members, MARISEL A. HERNANDEZ, JONATHAN T. SWAIN and WILLIAM J. KRESSE; Objectors BRETT ALLEN CZAJA and KAREN LARSON; and THE BOARD OF ELECTION COMMISSIONERS FOR THE CITY OF CHICAGO, Respondents-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-18-2087 |
| Filed | November 5, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2018-COEL-28; the Hon. Maureen O. Hannon, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part.<br>Cause remanded. |
| Counsel on Appeal | Ed Mullen, of Bucktown Law, and Pat Quinn, both of Chicago, for appellants. |

Michael J. Kasper and James E. Hartmann, of Chicago, for appellees Brett Allen Czaja and Karen Larson.

Panel  PRESIDING JUSTICE ROCHFORD delivered the judgment of the court, with opinion.
Justices Hoffman and Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioners-appellants, Pat Quinn and Take Charge Chicago Committee for Mayoral Term Limits and Elected Consumer Advocate (proponents), appeal from the dismissal of their petition seeking judicial review and a writ of *mandamus*. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.[1]

¶ 2                              I. BACKGROUND

¶ 3    On August 6, 2018, proponents submitted petitions with the clerk of the City of Chicago in support of placing on the ballot two binding referenda questions for the citizens of Chicago to consider at the November 6, 2018, general election. The first question generally asked if the office of mayor for Chicago should be subject to a term limit of two terms, while the second asked if Chicago should establish an elected position for a "Consumer Advocate for taxpayer and consumers."

¶ 4    Objections to the proposed referenda were filed by respondents-appellees, objectors Brett Allen Czaja and Karen Larson, on August 13, 2018. The matter was first addressed at an August 20, 2018, public hearing presided over by respondents-appellees, the Board of Election Commissioners for the City of Chicago Electoral Board, and its members, Marisel A. Hernandez, Jonathan T. Swain, and William J. Kresse (collectively, the Electoral Board). The matter was referred to a hearing officer appointed by the Electoral Board, and a second hearing was held on August 29, 2018. Proponents filed a motion to strike the objections, and the parties thereafter fully briefed that motion, agreeing that only legal issues were presented and that a ruling on this motion would be dispositive.

¶ 5    On September 7, 2018, the hearing officer issued a written report and recommendation, wherein it recommended that the motion to strike be denied, the objections be sustained, and the two referenda not appear on the November 6, 2018, election. In a written order entered on September 12, 2018, the Electoral Board adopted the hearing officer's recommendations and entered a final, written administrative decision which ordered that the two referenda not appear on the ballot for the November 6, 2018, election or in any other election. The Electoral Board's

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

final decision was served upon proponents by e-mail (pursuant to a prior agreement) and hand delivery the same day.

¶ 6 On September 14, 2018, proponents filed a one-count petition in the circuit court seeking both judicial review and a writ of *mandamus*. Naming the Electoral Board and objectors as defendants with respect to that portion of its petition seeking judicial review, brought pursuant to section 10-10.1 of the Election Code (10 ILCS 5/10-10.1 (West 2016)), proponents sought reversal of the Electoral Board's final decision. Naming only respondent-appellee, the Board of Election Commissioners for the City of Chicago (Board of Election), as a defendant with respect to that portion of its petition seeking a writ of *mandamus*, brought pursuant to article 14 of the Code of Civil Procedure (Code) (735 ILCS 5/14-101 *et seq.* (West 2016)), proponents sought to compel the Board of Election to print the two referenda on the ballot for the November 6, 2018, election, or—in the alternative—the ballot for the following election, to be held on February 26, 2019.[2]

¶ 7 The petition filed by proponents was served upon the Electoral Board, the Board of Election, and the attorney for objectors on September 17, 2018, by certified mail. Objectors were not served personally by certified mail until September 19, 2018.

¶ 8 Also on September 19, 2018, objectors filed a motion to dismiss the petition for judicial review, contending that the circuit court lacked subject matter jurisdiction over the petition due to proponents' failure to strictly comply with the service requirements contained in section 10-10.1 of the Election Code, which required service upon all parties within five days. 10 ILCS 5/10-10.1 (West 2016). The motion to dismiss did not make any reference to the portion of the petition seeking a writ of *mandamus*. This point was raised in proponents' written response to the motion to dismiss, wherein proponents argued that the motion to dismiss:

> "is directed solely at the portion of the Petition that seeks review of the Election Board's decision and not to the Petition for Writ of *Mandamus*. Objectors are not currently a party to the *mandamus* claims so they do not have standing to object, and a *mandamus* action does not have the same jurisdictional requirements as a petition for judicial review under the Illinois Election Code."

In their written reply, objectors again solely attacked the circuit court's subject matter jurisdiction to consider the portion of proponents' petition seeking judicial review, and again did not make any reference to the portion of the petition seeking a writ of *mandamus*.

¶ 9 On September 25, 2018, proponents filed a motion to file a first amended complaint for a writ of *mandamus instanter*. Therein, proponents again contended that no response to the portion of their petition seeking a writ of *mandamus* had yet been filed.

¶ 10 The following day, oral argument was heard on the motion to dismiss. No report of proceedings for this hearing was included in the record on appeal, and the docketing statement filed by proponents indicates that no court reporter was present.

¶ 11 That same day, the circuit court entered a written order granting the motion to dismiss the petition for judicial review of the Electoral Board's decision, on the basis that the failure of proponents to comply with the service requirements contained in section 10-10.1 of the

___

[2]The Board of Election Commissioners for the City of Chicago was sued both in its capacity as an electoral board with respect to the request for judicial review (Electoral Board), and as an election authority with respect to the request for a writ of *mandamus* (Board of Election). In this order, we use this shorthand to clarify which capacity we are referring to at any given time.

Election Code deprived the court of subject matter jurisdiction. While the circuit court's order dismissed the proponent's petition in its entirety, the circuit court's order made no specific reference to the portion of the petition seeking a writ of *mandamus*, or to the motion seeking to file an amended complaint with respect to that claim.

¶ 12      On September 28, 2018, proponents filed a notice of appeal, in which it asserted that it was appealing from the dismissal of both the portion of its petition seeking judicial review and the portion of its petition seeking a writ of *mandamus*. With respect to the latter, the notice of appeal asserted that it was a "separate claim that the Court had jurisdiction to consider."

¶ 13      On October 5, 2018, proponents filed a motion seeking to have this appeal transferred directly to the supreme court, pursuant to Illinois Supreme Court Rule 302(b) (eff. Oct. 4, 2011). The supreme court denied that motion in an order entered on October 15, 2018. The following day, proponents filed a motion with this court to expedite this appeal, pursuant to Illinois Supreme Court Rule 311(b) (eff. July 1, 2018). That motion was granted in an order entered by this court on October 22, 2018.

¶ 14                             II. ANALYSIS

¶ 15      On appeal, proponents challenge the dismissal of both the portion of its petition seeking judicial review and the portion of its petition seeking a writ of *mandamus*. For the following reasons, we affirm the circuit court's dismissal of the portion of the petition seeking judicial review of the Electoral Board's decision, reverse the dismissal of the portion of the petition seeking a writ of *mandamus*, and remand for further proceedings solely with respect to the proponent's request for a writ of *mandamus*.

¶ 16      The circuit court dismissed proponent's petition in its entirety, pursuant to section 2-619(a)(1) of the Code. 735 ILCS 5/2-619(a)(1) (West 2016). Section 2-619(a)(1) provides for the involuntary dismissal of an action based on lack of subject matter jurisdiction. *Id.* A section 2-619 motion " 'admits the legal sufficiency of the plaintiff's cause of action.' " *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 13 (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993)). When deciding a section 2-619 motion, a court accepts all well-pleaded facts in the complaint as true and will grant the motion when it appears no set of facts can be proved which would allow the plaintiff to recover. *Wilson v. Quinn*, 2013 IL App (5th) 120337, ¶ 11. We review *de novo* the grant or denial of a motion to dismiss under section 2-619(a)(1). *Country Mutual Insurance Co. v. D&M Tile, Inc.*, 394 Ill. App. 3d 729, 735 (2009).

¶ 17      "Subject-matter jurisdiction refers to a tribunal's power to hear and determine cases of the general class to which the proceeding in question belongs." *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 23. Under the Illinois Constitution of 1970, the circuit courts have original jurisdiction over all justiciable matters, with the following two general exceptions: (1) the circuit courts have only such power to review administrative action as is provided by law, and (2) our supreme court has exclusive and original jurisdiction over questions relating to the redistricting of the General Assembly and the ability of the governor to serve or resume office. Ill. Const. 1970, art. VI, § 9; *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 27.

¶ 18      Here, a portion of the petition filed by proponents below sought judicial review of the Electoral Board's final administrative decision. As such, the circuit court had subject matter jurisdiction to review that decision only "as provided by law." Ill. Const. 1970, art. VI, § 9;

*Pullen v. Mulligan*, 138 Ill. 2d 21, 32 (1990) ("Courts have no inherent power to hear election contests, but may do so only when authorized by statute and in the manner dictated by statute."). The statutory authority for such judicial review is contained in section 10-10.1 of the Election Code, which in relevant part provides as follows:

> "Except as otherwise provided in this Section, a candidate or objector aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court." 10 ILCS 5/10-10.1(a) (West 2016).

¶ 19    While this section specifically refers only to judicial review sought by "a candidate or objector aggrieved by the decision of an electoral board" (*id.*), it has been recognized that—in light of other provisions in the Election Code—this section also provides the method for judicial review to be followed by "proponents" of referenda aggrieved by the decision of an electoral board (*In re Objection of Russo*, 331 Ill. App. 3d 111, 117 (2002)). The failure to *strictly* comply with the requirements of section 10-10.1 deprives the circuit court of subject matter jurisdiction to review an electoral board's final decision. *Hough v. Will County Board of Elections*, 338 Ill. App. 3d 1092, 1094 (2003).

¶ 20    As they did below, on appeal, proponents contend that the portion of their petition seeking judicial review of the Electoral Board's final administrative decision should not have been dismissed for a lack of subject matter jurisdiction because they timely served objectors, care of objectors' attorney, on September 17, 2018. However, on at least four separate occasions, courts have recognized that service upon an attorney is insufficient to strictly comply with section 10-10.1's requirement that service must be made personally upon "the electoral board and other parties to the proceeding." 10 ILCS 5/10-10.1 (West 2016); *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, ¶ 33, *abrogated on other grounds by Bettis v. Marsaglia*, 2014 IL 117050, ¶ 28; *Nelson v. Qualkinbush*, 389 Ill. App. 3d 79, 87 (2009), *abrogated on other grounds by Bettis*, 2014 IL 117050, ¶ 28; *Hough*, 338 Ill. App. 3d at 1094; *Allord v. Municipal Officers Electoral Board*, 288 Ill. App. 3d 897, 904 (1997). While proponents attempt to distinguish this authority in various ways, this court has made it explicitly clear that "in the context of election cases, service to a party's attorney, rather than to a party personally, is *entirely improper* under the Code and *directly violates* section 10-10.1." (Emphases added.) *Rivera*, 2011 IL App (1st) 110283, ¶ 33.

¶ 21    Moreover, we reject proponents' contention that its position is supported by a purportedly "more expansive reading" of section 10-10.1 applied in *Bettis*, 2014 IL 117050, and *Solomon v. Ramsey*, 2015 IL App (1st) 140339-B. In *Bettis*, 2014 IL 117050, ¶ 28, our supreme court concluded that the section 10-10.1's requirement that an electoral board be personally served is met when every member of that board is properly served. In *Solomon*, 2015 IL App (1st) 140339-B, ¶ 19, this court concluded the converse also satisfied section 10-10.1; that is to say, section 10-10.1's requirement that the individual members of an electoral board be served is met when service is properly effectuated upon the electoral board itself.

¶ 22 In light of these decisions, proponents assert that "the law now supports serving parties through representatives." We disagree, as neither the *Bettis* nor the *Soloman* decision involved service upon a "representative." Rather, these decisions merely recognized that duplicative service upon *both* an electoral board and its members is not necessary to satisfy the service requirements set forth in section 10-10.1. Neither decision calls into question the decisions cited above or supports proponents' contention that service solely upon a party's attorney satisfies the requirements of section 10-10.1.

¶ 23 For the forgoing reasons, we affirm the circuit court's dismissal of the portion of proponents' petition seeking judicial review of the Electoral Board's decision, as the circuit court clearly lacked subject matter jurisdiction over that claim in light of proponents' failure to strictly comply with the requirements of section 10-10.1 of the Election Code.

¶ 24 We now turn to proponents' challenge to the dismissal of the portion of their petition seeking a writ of *mandamus*.

¶ 25 As noted above, while proponents' petition was pleaded as a single count, it plainly included requests for *both* judicial review, pursuant to section 10-10.1 of the Election Code, and a writ of *mandamus*, pursuant to article 14 of the Code. However, in seeking to have the petition dismissed in its entirety, and in dismissing the petition in its entirety, objectors and the circuit court, respectively, focused *solely* on the question of the circuit court's subject matter jurisdiction to consider the petition's request for judicial review pursuant to section 10-10.1 of the Election Code. Below, the request for a writ of *mandamus* was never specifically addressed by either objectors or the circuit court.[3] In effect, both objectors and the circuit court apparently viewed the request for a writ of *mandamus* as part and parcel of the petition for judicial review, subject to dismissal for lack of subject matter jurisdiction due to the defects in service discussed above. This was improper.

¶ 26 Again, under the Illinois Constitution of 1970, the circuit courts have original jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, § 9; *Crossroads*, 2011 IL 111611, ¶ 27. "The writ of *mandamus* was long known at common law [citations] and has long been recognized to lie within the inherent power and jurisdiction of our circuit courts." *In re Claudia K.*, 91 Ill. 2d 469, 475 (1982). Thus, unlike in the case of administrative review, *mandamus* actions do not rely on any special statutory provisions to confer upon the circuit court subject matter jurisdiction over such a claim. *Owens v. Snyder*, 349 Ill. App. 3d 35, 40 (2004).

¶ 27 It is true that, where a statute involving an administrative body specifically adopts the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2016)), the "Administrative Review Law eliminates the use of *mandamus*, *certiorari*, injunction and other equitable, statutory and common law actions as a means of reviewing agency decisions, thus providing a single uniform method of review." *Outcom, Inc. v. Illinois Department of Transportation*, 233 Ill. 2d 324, 333 (2009). However, the Administrative Review Law does not apply unless it has been expressly adopted. *Porter v. Illinois State Board of Education*, 2014 IL App (1st) 122891, ¶ 23. Our courts have consistently held that section 10-10.1 of the Election Code explicitly

---

[3]At the very least, there is no indication in the common law record that this issue was addressed by objectors or the circuit court. While we do not have a report of proceedings for the oral argument on the motion to dismiss, no party on appeal has indicated that the request for a writ of *mandamus* was specifically addressed at the hearing.

does *not* adopt the Administrative Review Law in circumstances such as presented here. See *Rivera*, 2011 IL App (1st) 110283, ¶ 45.

¶ 28 In light of the above discussion, we conclude that in addition to a request for judicial review, proponents' petition contained a separate claim for a writ of *mandamus*, one that fell within the original subject matter jurisdiction of the circuit court. It was therefore improper for the circuit court to dismiss that claim solely on the basis that proponents' failure to comply with the requirements of section 10-10.1 of the Election Code deprived the circuit court of subject matter jurisdiction.

¶ 29 On appeal, objectors do not argue otherwise.[4] Rather, and by essentially invoking this court's power to "affirm the decision of the trial court for any reason appearing in the record, regardless of whether the reasoning of the trial court was correct" (*Dunlap v. Illinois Founders Insurance Co.*, 250 Ill. App. 3d 563, 569 (1993)), objectors point to a number of alternative reasons this court should affirm the dismissal of proponents' petition in its entirety. These include the assertion of various purported pleading deficiencies in proponents' request for a writ of *mandamus* and citation to case law indicating that a request for a writ of *mandamus* is not a substitute for the filing and service of a proper complaint for judicial review of an electoral board's decision under the provisions of the Election Code

¶ 30 However, while this court may affirm the decision of the circuit court for any reason appearing in the record, we are not required to search the record for reasons to affirm. *Id.* at 569-70. In some circumstances, our review of the circuit court's decision should be limited to the issues the circuit court actually addressed and decided, and in some circumstances it may be more prudent to remand the matter to the circuit court to consider and rule upon any further issues in the first instance. *Id.* at 570; *Ward v. Hilliard*, 2018 IL App (5th) 180214, ¶ 56; *Garrido v. Arena*, 2013 IL App (1st) 120466, ¶ 33. We believe that this appeal presents such a circumstance, where the request for a writ of *mandamus* was *never* specifically addressed below by either objectors or the circuit court.

¶ 31 In so ruling, we note that with respect to proponents' request for a writ of *mandamus*, our ruling is limited to a conclusion that it was improper to dismiss that claim solely on the basis that proponents' failure to comply with the requirements of section 10-10.1 of the Election Code deprived the circuit court of subject matter jurisdiction. We express no opinion on the sufficiency of the pleading, the ultimate merits of this claim, or with respect to any attacks upon or defenses to this claim that may be raised below.

¶ 32                                                   III. CONCLUSION

¶ 33 For the foregoing reasons, we (1) affirm the circuit court's dismissal of the portion of proponents' petition seeking judicial review of the Electoral Board's decision under the Election Code, (2) reverse the dismissal of the portion of the proponents' petition seeking a writ of *mandamus*, and (3) remand for further proceedings solely with respect to the proponent's request for a writ of *mandamus*.

---

[4]On appeal, the Electoral Board and the Board of Election took no substantive position on the dismissal of claim for a writ of *mandamus* but reserved the right to respond should this matter be remanded for further proceeding on that claim.

¶ 34          Affirmed in part and reversed in part.

¶ 35          Cause remanded.