2022 IL App (1st) 220752-U

FIFTH DIVISION
June 6, 2022

No. 1-22-0752

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KEISHA L. SMITH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No. 22 COEL 15 |
| | ) | |
| RANDALL COAKLEY and the ILLINOIS STATE | ) | |
| BOARD OF ELECTIONS, | ) | Honorable |
| | ) | Patrick Stanton, |
| Respondents-Appellees. | ) | Judge, Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

*Held:*  We affirm the circuit court's order dismissing a petition for judicial review filed by a candidate in the 2022 General Primary Election because the petitioner-candidate failed to serve the voter who objected to the candidate's nomination papers within five days of filing the petition for judicial review, as required by statute.

¶ 1                                    BACKGROUND

¶ 2     The petitioner-appellant, Keisha Smith, filed nomination papers to be a Republican candidate for Governor in the upcoming June 28, 2022 General Primary election. The respondent-appellee Randal Coakley objected to Smith's nomination papers. The respondent-appellee Illinois

State Board of Elections, sitting as the State Officers Electoral Board (Board), sustained the objections. The circuit court of Cook County then dismissed Smith's petition for judicial review of the Board's decision. We affirm the judgment of the circuit court.

¶ 3                                          FACTS

¶ 4      Smith filed nomination papers with the Illinois State Board of Elections, seeking to be placed on the Republican ballot for nomination to the office of Governor of the State of Illinois. Her nominating papers included petition sheets containing a heading listing only Smith as a candidate for Governor, and neither the petition sheets nor any other document in the nomination papers included any information whatsoever regarding a candidate for Lieutenant Governor on Smith's ticket.

¶ 5      Coakley filed objections to those nomination papers. The only substantive allegation in the objections was that Smith's nomination papers were invalid because they violated the joint ticket requirement of section 7-10 of the Illinois Election Code (Code) (Pub. Act 102-692, § 5 (eff. Jan. 7, 2022) (amending 10 ILCS 5/7-10)), which requires: "In the case of the offices of Governor and Lieutenant Governor, a joint petition including one candidate for each of those offices must be filed." See also Ill. Const. 1970 art. V, § 4 ("The General Assembly may provide by law for the joint nomination of candidates for Governor and Lieutenant Governor.").

¶ 6      The Board assigned the case to a hearing officer. Smith moved to dismiss the objections, arguing various contentions with little relevance to the joint ticket requirement of section 7-10 or the actual objections. She also requested subpoenas to compel the testimony of unspecified witnesses. The hearing officer denied Smith's motion to dismiss, and the Board denied her request for subpoenas. The hearing officer issued a written report recommending that the Board find that

the nomination papers were invalid because they violated the joint ticket requirement of section 7-10 of the Code.

¶ 7     The Board received the hearing officer's report and recommendation, and heard further arguments from the parties. On April 21, 2022, the Board adopted the hearing officer's recommendation by a unanimous vote. It issued a written administrative order sustaining the objections, finding the nomination papers invalid, and removing Smith's name from the ballot.

¶ 8     On April 26, Smith filed a filed a lawsuit in the circuit court of Cook County entitled "Appeal for Judicial Review," which was functionally a petition for judicial review of the Board's decision. See 10 ILCS 5/10-10.1 (West 2020). It contained a host of accusations against various individuals, and concluded with a prayer for relief requesting that her name be restored to the ballot. That day, Smith also filed a notice of motion for an unspecified motion to be heard in the circuit court on April 28. The proof of service signed by Smith indicates that she sent the notice to the Board's Springfield office, and the attorney who represented Coakley at the Board's hearings, by both "mail or third-party carrier" and email. The proof of service contains no reference to what, if anything, was enclosed with the notice of motion. The proof of service also does not mention that Smith effectuated service on Coakley personally.

¶ 9     On April 28, the circuit court entered an order reciting that Smith was present, the Board and objector were not present, and that no proof of service had been filed. The court continued the matter to May 5. The Board filed an answer to the petition for judicial review consisting of the administrative record of its hearings.

¶ 10     On May 11, Coakley filed a combined motion to dismiss Smith's petition pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)). In the section 2-615 portion of the motion, Coakley argued that because the nomination papers violated

section 7-10 of the Code by not including a Lieutenant Governor candidate, Smith had not stated a valid claim to relief. In the section 2-619 portion of the motion, he argued that the circuit court lacked subject matter jurisdiction, and the petition should be dismissed because Smith failed to serve him in the manner required by the Code. Coakley supported his contentions regarding lack of proper service with a sworn declaration from his attorney attesting that Smith did not serve her petition for judicial review on Coakley by certified mail as required by section 10-10.1(a) of the Code. The attorney further stated that he, not the objector, received the petition by regular, not certified mail. He supported this assertion with an authenticated color scan of the large manila envelope in which he received the petition. The envelope was addressed to his business address, bore three United States postage stamps, and contained Smith's return address, but it bore no postmark, nor any indicia whatsoever that it was sent by certified mail.

¶ 11 Smith responded to Coakley's motion to dismiss, again arguing about the conduct of various individuals, but not refuting Coakley's service argument. Relevant here, Smith's response contained no documentation or affidavit addressing the manner of service of the petition. On May 19, the circuit court issued a written order granting the section 2-619 portion of the motion to dismiss, dismissing the petition "in its entirety," and finding that it lacked subject matter jurisdiction because Smith failed to serve the petition upon the objector by certified mail as required by section 10-10.1 of the Code.

¶ 12 This appeal followed. On its own motion, this court entered an order establishing an accelerated docket pursuant to Illinois Supreme Court Rule 311(b) (eff. July 1, 2018)), and allowed the parties to file memoranda in lieu of briefs.

¶ 13                                 ANALYSIS

¶ 14    Smith's memorandum on appeal consists almost entirely of vague, unsupported arguments that the Board violated her due process and equal protection rights. She also contends that Coakley's attorney "agreed" to be served by email, without specifying what documents he agreed to be served by email, when he made such an agreement, or any evidence of the agreement in the record. Smith does not direct us to any material in the record establishing that she served the petition in the manner required by section 10-10.1.

¶ 15    Neither Coakley nor the Board has filed a memorandum or brief in this court. However, the record is simple, the circuit court's order is clear, and the claimed error is so straightforward that we can easily decide to resolve this appeal without the need for further arguments in support of affirmance. See *First Capital Mortgage Corporation v. Talandis Construction Corporation*, 63 Ill. 2d 128, 133 (1976).

¶ 16    When we review a dismissal under section 2-619, we accept all well-pleaded facts, and all reasonable inferences that arise from them, as true. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. We review the circuit court's dismissal of the petition, and consider whether dismissal was proper as a matter of law, *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993).

¶ 17    Section 10-10.1 of the Code provides in pertinent part:

> "The party seeking judicial review must file a petition with the clerk of the court and must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail within 5 days after service of the decision of the electoral board as provided in Section 10-10. The petition shall contain a brief statement

of the reasons why the decision of the board should be reversed. The petitioner shall file proof of service with the clerk of the court." 10 ILCS 5/10-10.1(a) (West 2020).

¶ 18    There is no dispute that Smith did not follow the service requirement of section 10-10.1. Specifically, she violated the statute by (1) not serving the objector at all (as opposed to his attorney); (2) serving by regular mail rather than by registered or certified mail; and (3) not serving by registered or certified mail within 5 days after service of the electoral board's decision, here April 26.

¶ 19    Given these undisputed facts, the question before us becomes whether the circuit court correctly dismissed her petition because of her failure to comply with a mandatory statute.

¶ 20    This court addressed the same issue in *Quinn v. Board of Election Commissioners for City of Chicago Electoral Board*, 2018 IL App (1st) 182087, a case we find to be well reasoned and dispositive. In *Quinn*, the electoral board removed a referendum from the ballot on September 12, 2018. *Id.* ¶ 5. On September 14, the proponents of the referendum filed a petition for judicial review of the electoral board's decision. *Id.* ¶ 6. While the proponents served the electoral board and the attorney for the objectors on September 17, which was within five days of the filing of the petition as required by section 10-10.1 of the Code, they did not serve the objector personally until September 19, more than five days after the electoral board's ruling. *Id.* The circuit court dismissed the proponents' petition for lack of jurisdiction, and this court affirmed.

¶ 21    The *Quinn* court explained that courts have jurisdiction to review administrative decisions only in the manner provided by law. *Id.* ¶ 18. The court rejected the proponents' argument that service on the objector's attorney was sufficient, relying on a series of cases upholding the dismissal of petitions for judicial review of electoral board decisions for failure to strictly follow the service requirements of section 10-10.1 of the Code. *Id.* ¶ 20 (citing cases). Therefore, the

6

*Quinn* court held that the circuit court lacked subject matter jurisdiction over the petition for judicial review. In reaching this conclusion, the court relied, in part, on the recent Illinois supreme court case of *Bettis v. Marsaglia*, 2014 IL 117050, where the court emphasized that the requirements of section 10-10.1 are mandatory. *Id.* ¶ 16.

¶ 22    This case presents slightly different facts, but is nonetheless controlled by *Quinn* and the cases cited therein. Here, just as in *Quinn*, Smith failed to serve any party by certified mail within five days of the filing of her petition for judicial review. Under section 10-10.1, this failure deprived the circuit court of subject matter jurisdiction.

¶ 23                              CONCLUSION

¶ 24    We affirm the judgment of the circuit court dismissing the petition for judicial review for lack of subject matter jurisdiction. The mandate shall issue *instanter*.

¶ 25    Affirmed.