2024 IL App (1st) 240333-U

FIRST DISTRICT,
FIRST DIVISION
March 11, 2024

No. 1-24-0333

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County, Illinois. |
| v. | ) | |
| | ) | No. 2024 COEL 000006 |
| ILLINOIS STATE BOARD OF ELECTIONS and | ) | |
| KENT SINSON, | ) | Honorable |
| | ) | James R. Carroll, |
| Respondent-Appellee. | ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held:* Circuit court lacked subject matter jurisdiction over petition for judicial review of electoral board decision where petitioner failed to serve objector with the petition as required under the Election Code.

¶ 2    The Illinois State Board of Elections (Board) disqualified petitioner Jerico Matias Cruz from seeking election for the office of representative in Congress for the 5th Congressional District of Illinois based on a finding that Cruz failed to submit enough signatures to qualify for access to the ballot. Cruz filed a petition for judicial review. Respondent-objector Kent Sinson moved to

dismiss for lack of subject matter jurisdiction, alleging that he was not served as required by the Election Code. The petition was dismissed, and, for the reasons that follow, we affirm.

¶ 3                                          BACKGROUND

¶ 4        On November 24, 2023, Cruz filed his nomination papers for the March 19, 2024 general primary election as a Democratic Party candidate for the office of representative in Congress for the 5th Congressional District of Illinois. On December 11, 2023, Sinson filed an objection to Cruz's nomination papers, alleging that Cruz failed to submit the statutory minimum number of signatures to qualify for the ballot. See 10 ILCS 5/7-10(b) (West 2022). The Board issued a decision on January 11, 2024 in which it sustained Sinson's objection, finding that Cruz's petition sheets "contain a total of 806 valid signatures, which is 162 signatures below the minimum number of 968 signatures required under Section 7-10(b) of the Election Code to qualify him for access to the ballot." The Board therefore ordered that Cruz's name not be certified for the 2024 primary election ballot.

¶ 5        On January 12, 2024, Cruz filed the instant petition for judicial review of the Board's decision, naming Sinson and the Board as respondents. The notice of filing reflects that the petition was served on the Board and on attorney Michael Kasper, Sinson's "counsel on records" [*sic*]— *i.e.*, the attorney who represented Sinson before the Board—but not on Sinson himself.

¶ 6        Sinson filed a motion to dismiss the petition under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)), arguing that the court lacked subject matter jurisdiction because Cruz "failed to serve a copy of the [petition] on Respondent-Objector Sinson by either certified or registered mail (or by any other method for that matter)," which "violates the mandatory jurisdictional provisions of Section 10-10.1 of the Election Code." Sinson further

argued that "service only on the attorney who represented a party before an electoral board, but not on the party personally, fail[s] to satisfy the jurisdictional requirements of Section 10-10.1."

¶ 7     On February 9, 2024, the circuit court entered an order finding that it lacked subject matter jurisdiction over Cruz's petition and granting Sinson's motion to dismiss.

¶ 8                                    ANALYSIS

¶ 9     Subject matter jurisdiction is an issue of law that we review *de novo*. *In re Marriage of Chrobak*, 349 Ill. App. 3d 894, 897 (2004). Illinois courts have no inherent power to hear election cases and may only exercise jurisdiction over such cases "when authorized by statute and in the manner dictated by statute." *Pullen v. Mulligan*, 138 Ill. 2d 21, 32 (1990). The jurisdictional prerequisites for election cases are set forth in section 10-10.1(a) of the Election Code, which provides, in relevant part:

> "[A] candidate *** aggrieved by the decision of an electoral board may secure judicial review of such decision in the circuit court of the county in which the hearing of the electoral board was held. The party seeking judicial review must file a petition with the clerk of the court and *must serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail* within 5 days after service of the decision of the electoral board ***." (Emphasis added.) 10 ILCS 5/10-10.1(a) (West 2022).

"Strict compliance with every prerequisite to special and limited jurisdiction must appear in the record." *Allord v. Municipal Officers Electoral Board*, 288 Ill. App. 3d 897, 902 (1997).

¶ 10    Here, it is undisputed that Cruz did not serve a copy of his petition on Sinson. Cruz nevertheless argues that he satisfied section 10-10.1(a) by serving Kasper, who represented Sinson at the administrative hearing before the Board. In support, he cites Supreme Court Rule 11 (eff. July 1, 2021) for the proposition that "[i]f a party is represented by an attorney of record, service

shall be made upon the attorney" and argues that, because Kasper never withdrew as Sinson's counsel, service on Kasper was proper.

¶ 11        We rejected this argument in *Allord*, 288 Ill. App. 3d at 902, in which petitioner sought judicial review of an election board decision but did not serve the respondent candidates within the time allotted by statute. Instead, he served the candidates' attorney who represented them before the Board. We explained that this did not satisfy the jurisdictional requirements of section 10-10.1(a) because "an attorney's relation to his or her client ceases upon the rendition of judgment, unless the relationship has been specially continued. No assumption obtains that after the proceeding in front of the Board ended with dismissal of the objection the relationship between the candidates and their attorney continued." *Id.* We additionally did not find it significant that the candidates later retained the same attorney to represent them before the circuit court, since there was no evidence of any relationship between the attorney and the candidates in the "hiatus" between the Board's decision and the attorney's appearance in the circuit court proceedings. *Id.* Accordingly, we vacated the decision of the circuit court and dismissed the appeal. *Id.* at 905.

¶ 12        Similarly, in the instant case, when the Board issued its decision sustaining Sinson's objection, the relationship between Sinson and his attorney ceased. *Id.* at 902. Accordingly, service of the petition on Sinson's attorney did not satisfy the jurisdictional requirements of section 10-10.1(a). This interpretation of the statute comports with "the obvious intent behind section 10-10.1(a)," which is "to ensure that all necessary parties receive notice that a petition for judicial review has been filed." *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 25. Service upon an attorney who previously represented a party in proceedings before an election board, but who no longer has a relationship with the party, is not reasonably calculated to provide notice to that party within the time required by law.

¶ 13    This case is analogous to *Hough v. Will County Board of Elections*, 338 Ill. App. 3d 1092, 1094 (2003), in which petitioner "served copies of his petition on the attorney who represented the objectors at the election board hearing." We held that "[s]ince the service was not on the objectors themselves, it does not comply with the statutory requirement" and dismissed the appeal for lack of jurisdiction. *Id.*

¶ 14    Cruz's reliance on *Bill v. Education Officers Electoral Board*, 299 Ill. App. 3d 548 (1998) (abrogated on other grounds by *Bettis*, 2014 IL 117050) is misplaced. In *Bill*, the court sets forth "four distinct requirements that must be complied with in order to properly confer jurisdiction upon the circuit court" under section 10-10.1, including "serv[ing] copies of the petition upon the electoral board and other parties to the proceeding by registered or certified mail" (*id.* at 551) which, as discussed, Cruz failed to strictly comply with in the instant case. Cruz's citation to *Jackson v. Board of Election Commissioners of City of Chicago*, 2012 IL 111928, is likewise unavailing. In *Jackson*, the court stated that judicial review of an electoral board's decision may be sought pursuant to section 10-10.1 (*id.* ¶ 46), but did not discuss the service requirements under the statute, which were not at issue in that appeal.

¶ 15    Finally, Cruz urges this court to reach the merits of his petition for public policy reasons, speculating that the Board "might have a clear intent to defraud 2024 Illinois General Primary Election Candidates" through its "ambiguous statutory interpretation" of section 7-10(b). He further theorizes that the legislature "might have missed or mistakenly created or amended Section 7-10(b) of the Illinois Election Code." Without commenting on the merits of Cruz's speculation in this regard, we reiterate that courts only have authority over election cases as provided for by statute (*Pullen*, 138 Ill. 2d at 32), and strict compliance with all jurisdictional prerequisites is

required (*Allord*, 288 Ill. App. 3d at 902). Accordingly, the circuit court properly dismissed Cruz's petition for lack of jurisdiction.

¶ 16                                CONCLUSION

¶ 17      For the foregoing reasons, the circuit court's order dismissing the instant petition for lack of jurisdiction is affirmed.

¶ 18      Affirmed.